UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

         -v.-                                                 ORDER

JOSEPH DATELLO,                                17-CR-89-12 (CS)

                    Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Joseph Datello's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1130); his supplement to that application, (Doc. 1132); the Government's opposition, (Doc. 1134); and Defendant's reply, (Doc. 1135).[1] Familiarity with prior proceedings in the case, including my August 4, 2020 Order, (Doc. 1104), and subsequent submissions, is presumed. Defendant has now served almost 40 months of his 168 month prison sentence.

      I adhere to my prior ruling denying the motion to the extent it is based on COVID-19 and Defendant's risk factors, in light of the § 3553(a) factors.

      I also find that ruling on Defendant's possible dementia remains, unfortunately, premature. Since my prior ruling, Defendant has had the MRI that was anticipated. While Defendant characterizes it as substantiating dementia, I do not read the report as being that definitive. Further, the neuropsychological testing that was anticipated has not yet occurred.[2]

---

[1] Defense counsel is directed to send to chambers for filing under seal unredacted hard copies of the medical records he has not publicly filed.

[2] The Bureau of Prisons ("BOP"), after my ruling, determined that Defendant should be transferred to the Memory Disorder Unit ("MDU") at FMC Devens, and that the neuropsychological testing would take place there. This was an appropriate decision, but it has gone awry through nobody's fault. Although Defendant was quarantined as of approximately August 22, 2002 in anticipation of that transfer occurring on September 10, 2020, Defendant

The neurologist who previously saw Defendant indicated that both the MRI and formal neuropsychological testing were necessary to determine if Defendant's condition is dementia or some other condition from which Defendant could recover, and I imagine that that testing might also be helpful in determining whether any of Defendant's symptoms are feigned – a real concern given Defendant's history and characteristics.

    Accordingly, I again agree with the Government that release based on Defendant's possible dementia is premature.  Should a genuine cognitive impairment from which Defendant is not likely to recover be formally diagnosed, I will then determine whether continued incarceration at the MDU or sentence reduction would be the appropriate outcome.  It may be the latter.  But I still need more information.  The Government is directed to advise as to when Defendant's transfer to the MDU is scheduled to take place, and when the Court can expect a report including a formal diagnosis and an evaluation whether Defendant's symptoms are genuine.  In the meantime, the motion is again denied without prejudice to renewal.[3]

Dated: September 21, 2020
       White Plains, New York

*Cathy Seibel* (signature)
_____
CATHY SEIBEL, U.S.D.J.

---

tested positive for COVID-19 in a test administered on September 4, 2020.  Although Defendant remained asymptomatic and BOP now believes the test was a false positive, he must now re-quarantine.  In the meantime the MDU is holding his bed.  Although I am no certain as to when that quarantine will end, it should be fairly soon.

    [3]Defendant also directs the Court's attention to a text message from an inmate to Defendant's daughter in which the inmate states that he has been told by others that Defendant is being mistreated.  I can hardly base a decision on such hearsay, especially when the medical records and the family's own communications with medical personnel show that Defendant is getting proper attention.  I leave the Government to deal with the inmate's possession of a cellphone, which I presume is a violation of prison regulations.