UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                                   ORDER

JOSEPH DATELLO,                             17-CR-89-12 (CS)

              Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Joseph Datello's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1181),[1] and the Government's opposition thereto, (Doc. 1188).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated

---

[1] Counsel for Defendant shall submit an unredacted hard copy of his motion papers to chambers for filing under seal.

version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant was convicted of racketeering conspiracy and sentenced principally to 168 months' imprisonment, (Doc. 577), which was the low end of his Sentencing Guidelines range of 168-210 months, (Doc. 557 at 26.). He has served approximately 47 months.

Defendant alleges, and the Government does not dispute, that he suffers from dementia, macular degeneration, hearing loss and incontinence, and that these conditions amount to an extraordinary and compelling reason. The Court agrees. Fortunately, Defendant is incarcerated at the Memory Disorder Unit ("MDU") at FMC Devens, where he gets 24/7 care similar to that of a nursing home. Defendant raises no complaints about the care his receiving in the MDU, except to argue that he is not exercising, sleeping well, taking care of himself or engaged mentally or socially. But he presents no reason to believe that that is the result of any lapse in care, as opposed to being the result of his condition. Indeed, he concedes that receives prompting and assistance in his activities of daily living, and the Government represents that the clinical director at FMC Devens has reported that he is high-functioning compared to other inmates there in that, for example, he can walk and feed himself. She notes, however, that if released into the community, he would require 24/7 care at a facility or 24/7 skilled nursing care at home, which is not part of his proposed release plan. In short, extraordinary and compelling reasons exist, but any deficiency in the care he is receiving in prison is not one of them.

I next consider the § 3553(a) factors, and conclude that at this stage, they continue to outweigh those reasons and militate against a reduction of Defendant's sentence at this time. As

previously noted, (*see* Doc. 1104), Defendant is a longtime soldier in the Lucchese Crime Family. He swore an oath of loyalty to that murderous organization, and lived up to that oath. He personally made efforts to murder an individual who betrayed him and the Family; conspired to deal large quantities of cocaine and heroin; and engaged in extortionate debt collection.  The instant offense was his sixth felony conviction and his fourth federal conviction. Prior significant sentences did not deter him.  Releasing Defendant now, when he has served fewer than four years of his richly deserved fourteen year sentence, would undermine several of the purposes of sentencing, even if we presume that his condition would prevent him from committing further crimes.  It would not sufficiently account for the seriousness of the offense,  would not be just punishment, and would introduce unwarranted sentencing disparities.  It would not give sufficient weight to Defendant's criminal history or his disrespect for the law.  It would not provide sufficient general deterrence and would insufficiently promote respect for the law.  In short, at this time the § 3553(a) factors dictate that Defendant remain behind bars.

   For the reasons stated above, the motion is denied.

Dated: April 19, 2021
   White Plains, New York

                        *Cathy Seibel*
                       CATHY SEIBEL, U.S.D.J.